IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGE K. CLEVIDENCE                                                                PLAINTIFF

V.                                          NO. 12-5065

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for SSI on July 14, 2008, alleging an inability to work due to "Broken back 1998, heart attack 2005, short winded, hips, congescive [sic] heart failure and copd heart attack in 4/2007." (Tr. 142, 147). An administrative hearing was held on February 19, 2010, at which Plaintiff appeared without counsel and testified. (Tr. 23-61).

By written decision dated August 16, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - morbid obesity, chronic lumbosacral strain, obstructive sleep apnea (OSA), restless leg syndrome (RLS), hypertension, coronary artery disease, chronic obstructive pulmonary disease (COPD), and history of congestive heart failure. (Tr. 12). However, after reviewing all of the evidence

presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except that he can stand and/or walk at least two hours but less than six hours in an eight-hour workday; more specifically he can stand and/or walk for three hours during an eight-hour day but only for 15 minutes at a time. He must have an assistive device for balance. He can sit for six hours during an eight-hour workday. The claimant cannot climb, kneel, crouch, or crawl and can only occasionally stoop. He must avoid heights, moving machinery, temperature extremes, fumes, odors, dusts, gases, and poor ventilation.

(Tr. 13-14). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing his past relevant work as a scheduling clerk. (Tr. 17). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on February 12, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following arguments on appeal:   1) the ALJ failed to consider Plaintiff's obesity in combination with his other impairments; 2) the ALJ erred in rejecting Plaintiff's subjective complaints, particularly with regard to pulmonary impairments; and 3) the ALJ's decision is not supported by substantial evidence. (Doc. 7 at p. 13).

**A.     Combination of Impairments:**

The ALJ found that obesity was one of Plaintiff's severe impairments. In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 11). He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 11). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 11). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 12). This language demonstrates that the ALJ considered

the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's obesity in combination with his other impairments.

### B. Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent they were inconsistent with the ALJ's RFC. (Tr. 14). The ALJ discussed Plaintiff's daily activities as well as the medical records. With respect to Plaintiff's pulmonary limitations, the ALJ found that because of his problems with breathing, Plaintiff "has been found not to have the residual functional capacity to work near temperature extremes, fumes, odors, dusts, gases, and poor ventilation." (Tr. 15).

On December 3, 2008, Dr. Jeri B. Hassman, of the Arizona Department of Economic Security, examined Plaintiff, and noted that at that time, Plaintiff smoked anywhere from four cigarettes to one pack of cigarettes per day. (Tr. 280). Dr. Hassman found that Plaintiff had normal ambulation, given his morbid obesity; his gait was not antalgic; he had no limp; he was able to walk on his heels and toes; was able to bend at the waist and bend and pick up something from the floor; was able to get up independently; was able to kneel down on either knee and get up independently as long as he held onto a chair for balance; and was independent in dressing and undressing, getting on and off the examining table, and getting in and out of the chair. (Tr. 281). Plaintiff had full range of motion of the cervical spine without pain, and full range of motion of both upper extremities without pain. (Tr. 281). His limitations were reported to be secondary to the morbid obesity, and Dr. Hassman found that Plaintiff had normal lumbar extension given his obesity. (Tr. 281). Dr. Hassman further found that Plaintiff could occasionally lift and/or carry 20 pounds, and frequently 10 pounds; could stand and/or walk at least two hours but less than six hours in an eight hour day; could stand and/or walk for 15 minutes at a time up to three hours per day; could sit for six-eight hours in an eight hour day and needed to be able to change position at least every hour for at least ten minutes; and could never climb ramps/stairs/ladders/ropes/scaffolds, crouch or crawl; could occasionally stoop and kneel; and should not work around heights, moving machinery, extremes in temperatures, or around dust/fumes or gases. (Tr. 282, 284).

On December 8, 2008, non-examining consultant Nick J. Mansour completed a Physical RFC Assessment, and concluded that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 20 pounds; stand and/or walk for a total of at least 2 hours in an 8

AO72A
(Rev. 8/82)

hour workday; sit for a total of about 6 hours in an 8 hour workday; push and or pull unlimited; could never climb ladders/ropes/scaffolds; could occasionally climb ramps/stairs and crawl; could frequently balance, stoop, kneel, and crouch; and must avoid concentrated exposure to hazards. (Tr. 296-299).

Subsequent to the hearing that was held before the ALJ, on March 12, 2010, Plaintiff was seen by Dr. Kyle G. Hardy at the Fayetteville Diagnostic Clinic. (Tr. 399). In a Pulmonary Function Report, Dr. Hardy found moderate obstructive lung disease with evidence of improvement after bronchodilator therapy. (Tr. 399).

On March 29, 2010, Plaintiff was seen for an orthopaedic examination by Dr. Ted Honghiran. (Tr. 406-407). Dr. Honghiran found Plaintiff walked slowly and was able to dress and undress himself, and was able to walk with a cane a minimal length. (Tr. 407). Plaintiff had good range of motion of the lumbar spine, he could flex 80 degrees and extend 25 degrees with no severe pain, could do straight leg raises in both legs with no sciatic pain, and he had normal reflex and sensation. (Tr. 407). The exam of the left shoulder showed complete range of motion of the left shoulder with no pain, and he had minimal tenderness over the anterior aspect of the shoulder joint over the subdeltoid bursa and biceptal tendon area. (Tr. 407). Dr. Honghiran believed Plaintiff had a history of having bad lungs, most likely from COPD from chronic smoking, and had low back pain from morbid obesity, chronic lumbosacral strain in nature, and tendinitis of the left shoulder. (Tr. 407).

On the same date, Dr. Honghiran completed a Medical Source Statement of Ability to do Work-Related Activities (Physical), and found that Plaintiff could frequently lift up to 20 pounds; occasionally lift 21 to 50 pounds; and never lift 51 to 100 pounds; could frequently carry

up to 20 pounds; occasionally from 21 to 50 pounds; and never 51 to 100 pounds; could sit for 2 hours at one time without interruption; stand for 1 hour at one time without interruption, and walk 1 hour at one time without interruption; could sit for 4 hours total in an 8 hour workday; stand for 2 hours total in an 8 hour workday, and walk for 2 hours total in an 8 hour work day. (Tr. 410-411). Dr. Honghiran found that Plaintiff required the use of a cane to ambulate, but could ambulate without the use of a cane for ½ block. (Tr. 411). He further found that Plaintiff could occasionally push/pull with both hands; frequently operate foot controls with both feet; frequently balance, stoop, kneel, crouch, and crawl; occasionally climb stairs and ramps and climb ladders or scaffolds; could frequently tolerate humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold and heat and vibrations; could occasionally tolerate moving mechanical parts and operating a motor vehicle; could never tolerate unprotected heights; and could tolerate loud noise frequently. (Tr. 411-414).

The ALJ gave the opinion of Dr. Hardy substantial weight, and Dr. Hassman great weight, and based upon the foregoing, as well as those reasons given in Defendant's well-reasoned brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

### C. Substantial Evidence:

The Court is of the opinion that the ALJ's RFC assessment takes into account all of the limitations supported by the record in this case, and that the ALJ gave proper weight to the various opinions contained in the record. The VE testified that the Plaintiff's past relevant work as a schedule clerk was a sedentary level job, and the hypothetical question presented to the VE took into account all of Plaintiff's limitations supported by the record. (Tr. 50). The Court

therefore finds there is substantial evidence to support the ALJ's findings.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 30th day of May, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)